IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOYD BRANDON WHEAT, | § | |
| Dall. Cnty. Jail BookIn No. 22004230, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-437-K-BN |
| | § | |
| OFFICER MARTINEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Loyd Brandon Wheat, an inmate at the Dallas County jail, filed a *pro se* civil rights complaint asserting a claim of excessive force. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred Wheat's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the Court granted Wheat's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act (the PLRA) and ordered that his complaint be served on "Dallas County Sheriff Officer/Title Training Officer Martinez" (DTO Martinez). *See* Dkt. Nos. 5-8.

DTO Martinez answered, *see* Dkt. No. 12, asserting as affirmative defenses that he is entitled to qualified immunity and that Wheat failed to exhaust administrative remedies under the PLRA, *see id.*, ¶¶ 2.1, 2.2. DTO Martinez then moved for summary judgment on his exhaustion affirmative defense. *See* Dkt. Nos. 14-17.

On May 17, 2022, the Court ordered Wheat to respond to the summary judgment motion by June 16, 2022. *See* Dkt. No. 18. He did not. And the Court's May 17 order was returned as undeliverable because Wheat was "not in [the] Dallas County jail." Dkt. No. 19. In fact, after filing his complaint, Wheat has not made other filings or otherwise contacted the Court.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion for summary judgment and dismiss the complaint without prejudice.

## Discussion

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (quoting 42 U.S.C. § 1997e(a)).

And courts interpret the term "with respect to prison conditions" broadly: "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

As a result, "[t]he PLRA's exhaustion requirement is no-nonsense. Inmates seeking to challenge prison conditions must exhaust 'such administrative remedies as are available' before challenging prison conditions in court. The provision is

mandatory, and courts have zero discretion to hear unexhausted claims." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020) (quoting Section 1997e(a), then citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)); *see also Thoele v. Collier*, No. 20-50666, 2022 WL 703189, at *1 (5th Cir. Mar. 9, 2022) (per curiam) ("A failure to exhaust can be grounds for dismissal as a matter of law." (citing *Jones*, 549 U.S. at 215-16)).

But "exhaustion under the PLRA is not a pleading requirement that plaintiffs must satisfy at the outset of litigation." *Dillon v. Rogers*, 596 F.3d 260, 272, 272 n.3 (5th Cir. 2010) (citing *Jones*, 549 U.S. at 211-12; *Johnson v. Johnson*, 385 F.3d 503, 516 n.7 (5th Cir. 2004)). And a court "can only dismiss for failure to state a claim based on a failure to exhaust when the face of the complaint makes clear that the plaintiff did not exhaust." *LaBeouf v. Manning*, 575 F. App'x 374, 378-79 (5th Cir. 2014) (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); footnote omitted).

So, in almost every instance, "exhaustion under the PLRA is properly treated as an affirmative defense and analyzed as a motion for summary judgment." *Miller v. Fed. Bureau of Prisons*, 703 F. Supp. 2d 8, 15 (D.D.C. 2010) (citing *Jones*, 549 U.S. at 216). *Accord LaBeouf*, 575 F. App'x at 379; *Burns v. E. Baton Rouge Par. Prison Emergency Med. Servs.*, Civ. A. No. 14-0245-JWD-EWD, 2016 WL 1122242, at *2 (M.D. La. Mar. 4, 2016).

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the

PLRA to properly exhaust." *Jones*, 549 U.S. at 218 (cleaned up); *see Moussazadeh v. Tex. Dep't of Crim. Justice*, 703 F.3d 781, 788 (5th Cir. 2012) ("In determining exhaustion under the PLRA, we look to the processes established by the prison and the parties' use of these processes."); *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." (citations omitted)); *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) (per curiam) ("It is the prison's requirements, not the [PLRA], that define the requirements of exhaustion"); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the [PLRA] prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems" (footnote omitted)).

"[M]ere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, [the United States Court of Appeals for the Fifth Circuit has] required prisoners to exhaust available remedies properly." *Dillon*, 596 F.3d at 268.

Accordingly, "[i]nmates need not exhaust all administrative remedies" – "only those that are 'available' to them," and, "[w]henever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him." *Davis*, 798 F.3d at 294-95 (citations omitted); *see Cowart v. Ervin*, 837 F.3d 444, 451 (5th Cir. 2016) ("The PLRA requires prisoners to exhaust such administrative remedies as are available

prior to filing a § 1983 action regarding prison conditions." (citations and internal quotation marks omitted)); *see also Ross v. Blake*, 578 U.S. 632, 644 (2016) ("[I]nterference with an inmate's pursuit of relief" – such as, "through machination, misrepresentation, or intimidation" – "renders the administrative process unavailable." (collecting cases, including *Davis*, 798 F.3d at 295 ("Grievance procedures are unavailable ... if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process" (emphasis deleted in *Ross*)))).

As is the case here, where "the movant bears the burden of proof on an issue," because "he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the … defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). And, on such a motion, the Court will "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

That said, even where a movant "will bear the burden at trial" and therefore "must establish [an issue] 'beyond peradventure'" at summary judgment, if the

nonmovant fails to "respond[] to [the] motion on this issue" – "although the court is not permitted to enter a 'default' summary judgment" – "the court is allowed to accept the evidence adduced by [the movant] as undisputed and may grant summary judgment if the motion and supporting materials show [that the movant is] entitled to it." *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) (citing FED. R. CIV. P. 56(e)(2), (3); *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990)).[1]

Under these standards, the undersigned has examined DTO Martinez's undisputed evidence [Dkt. No. 17-1] and finds that he has carried his burden to show beyond peradventure that Wheat failed to properly exhaust the available administrative remedies. More specifically, this evidence shows that, while Wheat submitted a grievance on February 16, 2022, complaining that DTO Martinez "used excessive force by grabbing my hair trying to remove a hair tie," causing Wheat to "fear for [his] safety," after the jail's Grievance Board found, as to this complaint, that DTO Martinez did not violate Sheriff's Department policies or procedures, Wheat failed to appeal but instead initiated this lawsuit. Dkt. No. 17-1, Ex. B.

---

[1] *Cf. Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("[T]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.").

The Court should therefore grant the motion for summary judgment and dismiss Wheat's complaint without prejudice. *See Bargher v. White*, 928 F.3d 439, 447-48 (5th Cir. 2019) (observing that "[f]ailure to exhaust" "warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements" and that "[t]his distinction between dismissal with or without prejudice is critical" where a plaintiff has been "released from prison during the pendency of [his] suit," as his "subsequent release does not relieve him of the requirement to exhaust administrative remedies for this current legal action that he initiated while in prison," but "the PLRA's restrictions do not apply to actions filed by former inmates following their release" (citations omitted)).

## Recommendation

The Court should grant Defendant DTO Martinez's motion for summary judgment on his affirmative defense that Plaintiff Loyd Brandon Wheat failed to exhaust administrative remedies under the Prison Litigation Reform Act [Dkt. No. 15] and dismiss Wheat's complaint without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

- 7 -

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE